United States District Court
Southern District of Texas
**ENTERED**
April 09, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSE LUIS SERNA SERNA                §
                                     §
            Petitioner,              §
                                     §
v.                                   §   CIVIL ACTION NO. H-26-0090
                                     §
KRISTI NOEM, et al.,                 §
                                     §
            Respondents.             §

## MEMORANDUM OPINION AND ORDER

Jose Luis Serna Serna ("Petitioner"), a citizen of Mexico, has been living in the United States since 1993.[1] On October 31, 2025, Petitioner was taken into immigration custody by Immigration and Customs Enforcement ("ICE") under § 1225(b)(2).[2] He remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner asserts that his detention without a bond hearing violates (1) the Immigration and Nationality Act and (2) due process.[3]

Also pending before the court is the Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 3 ¶ 5; Notice to Appear, Exhibit 2 to Habeas Petition, Docket Entry No. 1-2, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing System.

[2]Habeas Petition, Docket Entry No. 1, p. 3 ¶ 5

[3]Id. at 16–18.

Judgement ("Respondents' MSJ") (Docket Entry No. 12). Respondents argue that Petitioner can legally be detained under § 1225(b)(2) as an applicant for admission.[4]  Petitioner has filed a reply.[5]

As the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest. Id. at 498, 508. The Fifth Circuit's analysis and holding applies in this case. Petitioner argues that the court is not bound by Buenrostro-Mendez because the Central District of California vacated Matter of Yajure Hurtado in Bautista v. Santacruz, Case No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).[6]  However, the Central District of California's vacatur of Matter of Yajure Hurtado has no effect on Buenrostro-Mendez because the Fifth Circuit's decision is based on its interpretation of the text of § 1225 and § 1226. Buenrostro-Mendez, 166 F.4th at 498 ("The statutory interpretation issue posed by these alien petitioners is novel but not recondite.").  The court is therefore bound by the Fifth Circuit's holding that §

---

[4]Respondents' MSJ, Docket Entry No. 13, p. 1.

[5]Petitioner's Reply in Support of Habeas Petition and Opposition to Respondent's Motion for Summary Judgment ("Petitioner's Reply"), Docket Entry No. 13.

[6]Petitioner's Reply, Docket Entry No. 6, p. 2.

1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest.[7]

Petitioner also argues that his detention without a bond hearing violates due process.[8] However, as explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

---

[7]Petitioner also argues that because he is a member of a nationwide class under Bautista v. Santacruz, Case No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov, 25, 2025), he cannot be legally detained under § 1225(b)(2). Petitioner's Reply, Docket Entry No. 13, pp. 5-7. However, the court declines to enforce the Central District of California's holding in Bautista, as it does not control in light of Buenrostro-Mendez.

[8]Habeas Petition, Docket Entry No. 1, pp. 17-18.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 9th day of April, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE